[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10249
Non-Argument Calendar

_____

BIA No. A98-564-518

WENZHEN WU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 16, 2008)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Wenzhen Wu, through counsel, seeks review of the Board of Immigration

Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") order of removal and denial of his application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16. On appeal, Wu challenges the IJ's finding that he was not eligible for asylum. He also offers several additional arguments, discussed below, over which we lack jurisdiction or which have been abandoned.

## A.     Claims over which we lack jurisdiction

We review our subject matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). The exhaustion requirement applicable to immigration cases is found in 8 U.S.C. § 1252(d)(1), which provides that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). We have "interpreted that requirement to be jurisdictional, so we lack jurisdiction to consider claims that have not been raised before the BIA." Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003).

Wu did not raise the following his claims on appeal to the BIA: (1) the IJ should not have considered the fact that Wu's family still resided in the same home, and nothing had happened to them; (2) Wu was persecuted because he was a

2

member of a social group, as he contended before the IJ and the BIA only that he was persecuted because of his political opinions; (3) he was entitled to CAT relief; and (4) the country reports were "biased and outdated." Therefore, we lack jurisdiction over those claims.

## B.     Abandoned claims

When an appellant fails to offer argument on an issue, or includes only a passing reference to an issue, that will be insufficient to raise a claim for appeal, and such an issue will be deemed abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (no argument); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n. 6 (11th Cir. 1989) (passing reference).

First, by not offering any support for his argument that the BIA's summary affirmance violated his due process rights, Wu abandoned this issue. Second, although Wu contends that the birth certificate that he submitted should have been deemed sufficient to establish his identity, and the IJ erred by finding otherwise, he does not offer any legal or factual support for his argument, and therefore, this issue has been abandoned.

## C.     Asylum Claim

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the BIA adopts the IJ's reasoning,

we will review the IJ's decision as well." Id. Here, the BIA expressly adopted the IJ's reasoning, and therefore we will review the IJ's decision.

To the extent that the IJ's and the BIA's decisions are based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001). Factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record in the light most favorable to the [IJ]'s decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). "Findings of fact made by the [IJ] may be reversed by [us] only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (alterations and quotation omitted).

An alien may receive asylum if he can carry the burden of proving that he is a "refugee," which is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail . . . [himself] of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

Sepulveda, 401 F.3d at 1230 (citing INA § 101(a)(42)(A), 8 U.S.C.

4

§ 1101(a)(42)(A)). "The asylum applicant must establish eligibility for asylum by offering 'credible, direct, and specific evidence in the record.'" Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005); see also INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii) (as amended by the REAL ID Act § 101(a)(3)) (effective May 11, 2005, for asylum and withholding applications made on or after that effective date) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."). "Uncorroborated but credible testimony from the applicant may be sufficient alone to sustain the burden of proof for asylum or withholding of removal." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818-19 (11th Cir. 2004). "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." Yang v. U.S. Atty. Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006).

Accordingly, to be eligible for asylum, "the alien must, with credible evidence, establish (1) past persecution on account of [his] political opinion or any other protected ground, or (2) a 'well-founded fear' that [his] political opinion or

5

any other protected ground will cause future persecution." Sepulveda, 401 F.3d at 1230-31 (citing 8 C.F.R. § 208.13(a) and (b)). Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he would be "singled out" for persecution. Al Najjar, 257 F.3d at 1287. This Court has recognized that an alien's imputed political opinion satisfies the requirement that persecution be based on a protected ground. Id. at 1289.

Although the INA does not define persecution, we have recognized that "persecution" is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotations and bracket omitted). We have held that a five-day detention during which an alien is not harmed does not compel a finding of past persecution. Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290 (11th Cir. 2006). "A showing of past persecution creates a presumption of a 'well-founded fear,' subject to rebuttal by the [government]." Sepulveda, 401 F.3d at 1231 (citing 8 C.F.R. § 208.13(b)(1)).

Withholding of removal may be granted if the alien establishes that, if returned to his country, his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3). If an alien does not establish past persecution, he bears the burden of showing that it is more likely than not that

6

he will suffer persecution on the basis of a protected ground, and he would not be able to avoid persecution by relocating to another part of his country, if, under all of the circumstances, it would be reasonable to expect him to do so. 8 C.F.R. § 208.16(b)(2).

Substantial evidence supports the IJ's decision that Wu was not eligible for asylum because Wu did not establish that he held a political opinion or otherwise fell into one of the five statutorily protected categories. Although he testified that he opposed the village elections, his opposition was based on fears of corruption, not political views. Additionally, he failed to provide any details of his political involvement. Second, Wu's testimony regarding his detentions convinces us that he did not suffer persecution. Accordingly, we dismiss Wu's petition in part and deny it in part.

**DISMISSED IN PART, DENIED IN PART.**